RAMIREZ, J.
Maria Chung Willoughby appeals her convictions for unlawfully accessing and taking trade secret or confidential data from a computer. We reverse the conviction for unlawfully accessing a computer because Willoughby was authorized to access her employer’s computer. But we affirm the conviction for unlawfully taking confidential data from a computer because she was not authorized to download any data from her employer’s computer.
Willoughby was hired as a financial specialist with Our Kids of Miami-Dade and Monroe Counties, an agency which works with the Department of Children and Families to provide services to abused and neglected children. Willoughby was provided access to Our Kids’ and the Department’s confidential computer network after agreeing to her employer’s computer security requirements. When she complained that the employer-provided computer was too slow, Willoughby’s personal laptop computer was connected to Our Kids’ computer network. Willoughby was told that she was authorized to use her laptop to access her employer’s network but that she could not transfer any data from the employer’s computer system into her laptop.
Subsequently, Willoughby’s supervisor became aware that Willoughby had written a ten-page email outlining perceived inefficiencies in Our Kids’ operation. The supervisor also suspected that Willoughby may have transferred confidential data to her laptop. The supervisor asked to search Willoughby’s computer, and Wil-loughby allowed the search. During the search, however, when she saw that her personal files were being accessed, Wil-loughby took back her laptop, stated that she was resigning, and left the premises.
The police subsequently obtained a warrant to search Willoughby’s home and seized the laptop. Upon inspection, the police discovered that Willoughby had emailed her employer’s client trust fund master list to her laptop. Willoughby was arrested and charged with unlawfully accessing a computer database in violation of sections 815.06(1) and (2)(a), Florida Statutes (2006) (count one), and obtaining trade secret or confidential data in violation of sections 815.04(S)(b) and (4)(a), Florida Statutes (2006) (count two).
At trial, defense counsel moved for judgment of acquittal as to both counts based on the State’s failure to prove that Wil-loughby was not authorized to access the computer database. The motions were denied, and the jury returned a verdict of guilty as to both counts. The trial court withheld adjudication and placed defendant on probation for four years. This appeal followed.
Turning first to count one, section 815.06(l)(a) of the Florida Statutes provides that anyone who “willfully, knowingly, and without authorization ... [accesses or causes to be accessed any computer, computer system, or computer network ... commits an offense against computer users.” Access is defined as *1212 “to approach, instruct, communicate with, store data in, retrieve data from, or otherwise make use of any resources of a computer, computer system, or computer network.” § 815.03(1). Subsection (6) of section 815.06 clarifies that the section “does not apply to any person who accesses his or her employer’s computer system ... when acting within the scope of his or her lawful employment.” Therefore, to prove this offense, the State must show that: (a) the defendant willfully, knowingly, and without authorization, (b) accessed a computer system, and (c) if the employer’s system, that defendant acted outside the scope of his or her lawful employment.
Here, the State failed to show that Wil-loughby was not authorized to access Our Kids’ computer network. The evidence demonstrated that Willoughby’s supervisor authorized Willoughby to access Our Kids’ computer network to perform her job. Additionally, Willoughby’s personal laptop was connected to the Our Kids computer network by the employer’s network administrator. Accordingly, because Willoughby received authorization to access Our Kids’ computer network, count one is reversed as the State failed to prove that Willough-by’s conduct violated section 815.06.
Count two charges a violation of section 815.04(3)(b) of the Florida Statutes which states, “Whoever willfully, knowingly, and without authorization discloses or takes data, programs, or supporting documentation which is a trade secret ... or is confidential as provided by law residing or existing internal or external to a computer, computer system, or computer network commits an offense against intellectual property.” Therefore, to prove this crime the State must show that the defendant willfully, knowingly, and without authorization disclosed or took a trade secret or confidential data from a computer network.
Here, the State proved that Willoughby did not have authorization to download any data from her employer’s computer system to her personal laptop. The State also proved that Willoughby transferred confidential data from her employer’s system to her laptop. Thus, the State proved all the elements of the crime. Willoughby argues that she committed no crime because she did not have a malicious purpose in transferring the confidential information to her personal laptop, but rather, that her purpose was to work from her home. However, section 815.04(3)(b) does not include a requirement that the defendant have a malicious purpose. Rather, the statute requires only that the defendant’s conduct be willful, knowing, and without authorization. Willoughby repeatedly was informed that she could not obtain any of the data from her employer’s network system. Wil-loughby, nonetheless, emailed her employer’s client trust fund master list to her laptop. Because Willoughby transferred confidential files to her personal computer without authorization, she was properly charged with the taking of intellectual property. Accordingly, we affirm the conviction on count two.
Affirmed in part, reversed in part, and remanded.